In the Matter of Proving the Last Will and Testament of Martha E. Durban, Deceased. Lillian Richter, Appellant; Gustav E. Apel, Executor, etc., Respondent.— In view of the incomplete wording of the attestation clause, and the unsatisfactory testimony of the two subscribing witnesses called, we think the court cannot infer a due publication of the paper as the deceased's will. As the third witness was not produced, a new trial should be had. The decree of the Surrogate's Court of Richmond county is, therefore, reversed, and a new trial ordered, costs to abide the final award of costs. The allowance of $500 under section 2748 of the Code of Civil Procedure,* to the special guardian, was not excessive, considering the services performed and the value of the estate. Jenks, P. J., Stapleton, Mills, Rich and Putnam, JJ., concurred.

John J. Guinan Contracting Company, Respondent, v. Topeka Paving Company, Inc., Appellant.— Order reversed, with ten dollars costs and disbursements, and motion to vacate warrant of attachment granted, with ten dollars costs. There is no evidence that defendant removed its property from the State with intent to defraud its creditors. Jenks, P. J., Thomas, Carr, Stapleton and Mills, JJ., concurred.

J. Leo Kane, Appellant, v. C. W. Hunt Company, Inc., Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Jenks, P. J. Thomas, Carr, Stapleton and Mills, JJ.

Cecelia Kremen, Respondent, v. London Assurance Corporation, Appellant.— Misunderstanding the length of the daily trial sessions at Riverhead, defendant's counsel subpœnaed his witnesses to attend on a day after the cause had been reached and the trial begun, and at eleven A. M., an inconvenient hour for these witnesses coming by railway. This may not have been a legal excuse. Counsel had to close his defense without testimony of these witnesses, who appear to have been material. In view of the issues, and all the circumstances, defendant should have another opportunity to present its proofs to the jury. Judgment and orders reversed and a new trial granted, upon the conditions that within five days from entry of this order defendant pay to plaintiff's attorney the sum of $150, and stipulate to be ready to retry the cause at the Suffolk County Trial Term, beginning May 1, 1916. Otherwise, judgment and orders affirmed, with costs. Jenks, P. J., Stapleton, Mills, Rich and Putnam, JJ., concurred.

---

* Added by Laws of 1914, chap. 443.—[REP.